UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHAYEH DOV,

                          Petitioner,

        -v-

BUREAU OF PRISONS,

                          Respondent.

CIVIL ACTION NO.: 20 Civ. 4343 (SLC)

**OPINION & ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

Petitioner Shayeh Dov, an inmate at Otisville Federal Correctional Institution ("Otisville"),
has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 seeking transfer "to a
proper medical facility" or "furlough to get the medical treatment necessary" (the "Petition").
(ECF No. 1 at 2).   Dov subsequently filed a letter-motion to compel his release "to home
confinement until his medical condition has stabilized" (the "Motion").   (ECF No. 16 at 1).   In
compliance with the Court's order, Respondent Bureau of Prisons (the "BOP") filed a response
opposing the relief Dov appears to be seeking.   (ECF Nos. 19–21) (the "BOP Response").   The
parties agreed that the undersigned would exercise jurisdiction over this case for all purposes
pursuant to 28 U.S.C. § 636(c).   (ECF No. 14).

After reviewing the Petition, Motion, the BOP Response, and Dov's medical records, and
conducting two telephone conferences with the parties on June 29, 2020 and July 8, 2020, for
the reasons discussed below, the Petition and Motion are DENIED.

## I.     BACKGROUND

### A.  Factual Background

Dov is currently "serving an 87-month sentence following his [2019] guilty plea in the Southern District of Florida to conspiracy to commit wire fraud." (ECF Nos. 19 at 1; 1 at 1).  Dov, who is 50 years old, has one kidney, a history of diabetes, heart disease, and renal conditions. (ECF Nos. 1 at 9; 20-1 at 39).

Dov's medical records reflect that he has been seen regularly by prison medical officers since he arrived at Otisville in October 2019.  (ECF No. 20-1 at 88, 92–94, 96–98, 107–111).  In April 2020, Dov appeared to contract but fortunately recover from COVID-19, recently testing negative for the virus.  (ECF No. 20-1 at 28, 46, 56–57).  Beginning in April, Dov complained of blood in his urine and discomfort while urinating, in response to which his urine was collected and tested negative for blood.  (Id. at 46).  On May 19, 2020, Dov participated in a teleconference with a nephrologist concerning his renal and diabetes issues, following which he was prescribed additional medications and ordered to undergo laboratory tests.  (Id. at 41–43).  On June 7, 2020, Dov presented at the prison's medical clinic complaining of pain during urination, gave a urine sample, and was given pain relievers.  (Id. at 35).  On June 9, 2020, additional laboratory tests were ordered, which Dov initially refused, but on June 12, 2020, after again speaking with the nephrologist, he agreed to undergo the tests.  (Id. at 29, 32).  During the June 12 visit, Dov complained that the pain medication was not alleviating his groin pain, and in response, the nephrologist adjusted his plan of care and medications, and ordered additional laboratory tests and a renal ultrasound.  (Id. at 29–30).  Dov was seen on June 25, 2020 by a treating physician at Otisville, Dr. Linley, who advised him that "he is suffering from a hepatic disease that will shortly

cause symptoms of jaundice." (ECF No. 23 at 1). Dov stated to the Court that, on or about July 1, 2020, he spoke again to the nephrologist, who put him on a fourteen-day course of Flomax, which will continue until July 16, 2020. Dov also stated that he has continued taking a medication for his heart condition, albeit at a reduced dosage, and that he started receiving insulin injections four weeks ago. Dov told the Court that after complaining of pain on the night of July 7, 2020, he was given a five-day course of Tylenol to alleviate the pain.

Although not stated in the Petition or the Motion, Dov represented to the Court during the July 8, 2020 conference that he has submitted to the BOP forms BP-8 and BP-9 requesting transfer to a hospital, but those requests were both denied. (The forms BP-8 and BP-9 or the BOP's denials have not been submitted to the Court.) The BOP's counsel orally represented to the Court that the BOP's administrative process involves four steps, with the next two steps being a BP-10 form, which is submitted to a regional the BOP director, and BP-11 form, which is submitted to the BOP officials in Washington, DC.

### B.  **Procedural Background**

On May 13, 2020, Dov filed an emergency motion to recommend home confinement before the Honorable William P. Dimitrouleas, United States District Judge for the Southern District of Florida, before whom Dov had pled guilty and been sentenced. (ECF No. 21-1 at 1). After considering the factors for compassionate release under 18 U.S.C. § 3582(c)(1)(A), Judge Dimitrouleas denied Dov's motion, noting that, although Dov had "numerous medical problems, [] he was still able to survive a COVID 19 infection." (Id.)

On June 8, 2020, Dov filed his Petition in this Court requesting transfer to a medical facility or furlough for medical treatment. (ECF No. 1 at 2). In his Petition, Dov alleges that he has not

been provided "with vital medications that he constantly requires," but does not specify what those medications are. (Id. at 6). In support of his Petition, Dov attached a June 2, 2020 letter from Dr. Morton Kleiner, who, after reviewing Dov's medical records, asserts that Dov is "approaching stage 4 renal failure" and "requires much more detailed and intensive medical care than what he is receiving at this point," without elaborating what additional care would be required. (Id. at 9). On June 23, 2020, Dov filed the Motion, seeking to be "released to home confinement until his medical condition has stabilized," citing pain from his kidney condition that has made him "unable to stand." (ECF No. 16 at 1). In the Motion, he notes that "due to a Covid outbreak," he has been placed in solitary confinement from which he is allowed out for 15 minutes each day. (Id.) In the Motion, he also asks, perhaps in the alternative, that the BOP be ordered to transfer him "to a hospital facility immediately so as not to endanger his health further." (Id.) The Petition and the Motion do not state whether Dov has pursued any administrative remedies with the BOP.

On June 26, 2020, pursuant to orders issued by the Honorable Analisa Torres, the BOP filed the Response. (ECF Nos. 8, 13, 19–21). Thereafter, the parties consented to the jurisdiction of the undersigned. (ECF No. 14).

In the Response, the BOP opposes the Petition and the Motion on several grounds. First, to the extent that Dov is seeking home confinement or compassionate release, the BOP argues that such an application must be directed to the sentencing court—the Southern District of Florida—which has already denied that relief. (ECF No. 19 at 2–3). Second, to the extent that Dov is seeking temporary release to obtain medical treatment under the furlough statute, 18 U.S.C. § 3622(a), the BOP argues that furlough is "'exclusively within the discretion of the BOP,'"

and the Court "'lacks authority to order'" such a release.  (Id. at 4) (quoting United States v. Bido,

No. 14 Crim. 212 (RJS), No. 19 Civ. 8388 (RJS), 2020 WL 2765689, at *1 (S.D.N.Y. May 28, 2020).

Finally, with respect to Dov's request for habeas relief, the BOP argues that Dov has failed to

exhaust his administrative remedies, and, in any event, has failed to established an Eighth

Amendment claim for deliberate indifference to serious medical needs.  (Id. at 5–9).

On June 29, 2020, the Court heard telephonic argument by the parties, requested

supplemental submissions, including case law supporting the parties' respective positions on the

Petition and the Motion, and scheduled a further conference for July 8, 2020.  (ECF No. 22).  The

Court also asked the BOP's counsel to facilitate a call between Dov and his counsel, and to

ascertain the administrative process for Dov to request a hospital visit.  (Id.)  Dov submitted a

letter describing his June 25, 2020 visit with Dr. Linley, but did not provide any further legal

support for his position.  (ECF No. 23).  Dov also issued a subpoena for Dr. Linley to appear at the

July 8, 2020 conference.  (ECF No. 26).  The BOP submitted a letter containing additional legal

support for the arguments in the Response.  (ECF No. 25).

On July 8, 2020, the Court held a second telephone conference with the parties.  Dov

participated in the conference and described to the Court his medical history and current medical

conditions.

## II.    DISCUSSION

### A.  Home Confinement and Compassionate Release

Dov first asks the Court to make a sentencing recommendation to the BOP that he be

designated for home confinement until his medical conditions improve.  (ECF Nos. 7 at 1; 16 at

1).  As the BOP correctly argues, however, under 18 U.S.C. § 3621(b)(4)(B), the BOP has the sole

discretion to designate his place of confinement.  (ECF No. 19 at 2 (citing <u>United States v.</u> <u>Venkataram</u>, No. 06 Crim. 102 (JPO), 2016 WL 11448569, at *2 (S.D.N.Y. Dec. 12, 2016))).  The factors that the BOP considers in making that designation include statements "by the court that imposed the sentence."  18 U.S.C. § 3621(b)(4).  Here, Judge Dimitrouleas, the sentencing judge, in denying Dov's application for the same relief he seeks here, stated,

> Defendant is 50 years old and has served only a tiny fraction of his (87) month sentence.  He has numerous medical problems, but he was still able to survive a COVID 19 infection.  The Court does not find that there are extraordinary and compelling reasons to warrant any relief.  Such relief would not promote respect for the law or act as a deterrent.

(ECF No. 21-1 at 1).

Thus, under the applicable statute, this Court is not the proper forum for Dov to request a recommendation for a home confinement designation, and his request to the proper forum— the sentencing court—has been denied.  Accordingly, Dov's request that this Court recommend a home confinement designation is DENIED.

Although Dov states that he "is not asking the Court to shorten his sentence," (ECF No. 7 at 12), to the extent that the Petition and the Motion seek compassionate release under 18 U.S.C. § 3582(c), a similar result follows.  Under that statute, a district court "may not modify a term of imprisonment once it has been imposed, except" under limited circumstances, one of which allows a court to reduce a term of imprisonment where it finds "extraordinary and compelling reasons."  18 U.S.C. § 3582(c)(1)(A)(i).  Such a request must also be made to the sentencing court. <u>See</u> <u>United States v. Avery</u>, 807 F. App'x 74, 77 (2d Cir. 2020).  Again, Dov made that application, which Judge Dimitrouleas considered and denied.  (ECF No. 21-1).  Accordingly, Dov's request for compassionate release is also DENIED.

**B.** **Furlough**

Dov's request for temporary release to obtain medical treatment invokes the federal furlough statute, 18 U.S.C. § 3622(a), which provides, in relevant part:

> The Bureau of Prisons may release a prisoner from the place of his imprisonment for a limited period if such release appears to be consistent with the purpose for which the sentence was imposed and any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a)(2), if such release otherwise appears to be consistent with the public interest and if there is reasonable cause to believe that a prisoner will honor the trust to be imposed in him, by authorizing him, under prescribed conditions, to—(a) visit a designated place for a period not to exceed thirty days, and then return to the same or another facility for the purpose of— . . . (3) obtaining medical treatment not otherwise available . . .

18 U.S.C. § 3622(a)(3).  Whether to grant furlough "is committed to the sole discretion of the BOP."  United States v. Schlifstein, No. 18 Crim. 217 (KMW), 2020 WL 2575633, at *3 (S.D.N.Y. May 21, 2020).  "As virtually every court to consider the question appears to have held, [t]he statute could not be clearer as to whom it vests with the authority to grant temporary release . . . . [It] gives authority over temporary-release decisions to [the BOP], not the federal courts."  United States v. Roberts, No. 18 Crim. 528-5 (JMF), 2020 WL 1700032, at *3 (S.D.N.Y. Apr. 8, 2020) (internal citations omitted) (collecting cases).

A detainee whose furlough request is denied by the BOP may seek judicial review by way of a petition for a writ of habeas corpus.  See Roberts, 2020 WL 1700032, at *3 n.3 (citing Santos v. United States, 12 Civ. 4386 (DLI), 2013 WL 1952509, at *1 (E.D.N.Y. May 10, 2013) and Levine v. Apker, 455 F.3d 71, 87 (2d Cir. 2006)).  Neither the Petition nor the Motion indicate that Dov has requested and the BOP has denied furlough, although the parties' statements to the Court indicate that Dov's requests in the forms BP-8 and BP-9 have been denied.  Based on the BOP's statements, there are two further steps in the administrative procedure, however, and therefore,

at a minimum, any request for relief on this ground is premature.  See Shelby v. Petrucci, No. 20 Civ. 3233 (VSB) (SN), at 12 (S.D.N.Y. May, 18, 2020) (report and recommendation at ECF No. 8) (denying furlough where petitioner failed to allege the BOP denied furlough request and records showed she was "receiving adequate medical attention, that her COVID-19 symptoms ha[d] subsided, and that her condition [was] stable").

Nevertheless, "nothing in Section 3622 prevents this Court from recommending that [the] BOP exercise its discretion to grant [Dov] temporary release." Roberts, 2020 WL 1700032, at *4 (internal citation omitted).   Given Dov's serious health conditions, the Court strongly recommends that the BOP consider whether a brief medical furlough would be appropriate in these circumstances.  See United States v. Moseley, No. 16 Crim. 79 (ER), 2020 WL 1911217, at *2 (S.D.N.Y. Apr. 20, 2020) (denying application for compassionate release but recommending that the BOP consider furlough); see United States v. Daugerdas, No. 09 Crim. 581, 2020 WL 2097653, at *5 (S.D.N.Y. May 1, 2020) ("strongly urg[ing] the BOP to consider [defendant] for furlough under § 3622"); United States v. Beniquez, No. 18 Crim. 236 (KPF), 2020 WL 1904012, at *1 (S.D.N.Y. Apr. 16, 2020) (recommending that "the BOP give Defendant's furlough application serious consideration as soon as practicable").

## C. **Habeas Relief**

As a federal inmate, Dov may challenge the conditions of his confinement by a petition for a writ of habeas corpus under 28 U.S.C. § 2241.  See Dhinsa v. Krueger, 917 F.3d 70, 81 (2d Cir. 2019); Lagan v. Edge, No. 20 Civ. 2221 (AMD), 2020 WL 3403109, at *3 (E.D.N.Y. June 19, 2020).   "This includes challenges to the dangerous conditions caused by the COVID-19 pandemic."  Lagan, 2020 WL 3403109, at *3; see Basank v. Decker, No. 20 Civ. 2518 (AT), 2020

WL 1953847, at *8 (S.D.N.Y. Apr. 23, 2020) ("An application for habeas corpus under 28 U.S.C. § 2241 is the appropriate vehicle for an inmate in federal custody to challenge conditions or actions that pose a threat to his medical wellbeing."), appeal docketed, No. 20 Civ. 1966 (2d Cir. 2020); United States v. Credidio, No. 19 Crim. 111, 2020 WL 1644010, at *2 (S.D.N.Y. Apr. 2, 2020).

Although not codified in Section 2241, the Second Circuit has "held that federal prisoners must exhaust their administrative remedies" before seeking relief.  See Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001); Gordon v. Lappin, No. 07 Civ. 10948, 2008 WL 4179233, at *2 (S.D.N.Y. Sept. 10, 2008).  Because exhaustion is not a statutory requirement, a prisoner may seek a waiver of the exhaustion requirement by demonstrating cause and prejudice if "legitimate circumstances beyond the prisoner's control preclude him from fully pursuing his administrative remedies."  Carmona, 243 F.3d at 634; see Atkinson v. Linaweaver, No. 13 Civ. 2790 (JMF), 2013 WL 5477576, at *1 (S.D.N.Y. Oct. 2, 2013).  Where a delay poses a serious threat to the inmate's health and safety, the court may waive the exhaustion requirement.  See Washington v. Barr, 925 F.3d 109, 119 (2d Cir. 2019) (explaining that "an unreasonable or indefinite timeframe for administrative action" may constitute sufficient prejudice to justify waiver of exhaustion requirement) (internal citation omitted); United States v. Perez, No. 17 Crim. 513-3 (AT), 2020 WL 1546422, at *3 (S.D.N.Y. Apr. 1, 2020) (waiving exhaustion requirement where awaiting exhaustion of administrative process would be "futile and inadequate").

Dov cites recent directives from the Department of Justice granting the BOP authority to release at-risk prisoners (ECF No. 7 at 6 & n. 17), but the Petition and the Motion do not indicate whether he has pursued administrative remedies, nor explain why those options are unavailable

to him.  As the BOP points out, "there is no indication that exhaustion would be futile or that [the] BOP has predetermined the issue before it."  (ECF No. 19 at 5).  In fact, during the June 29, 2020 conference with the Court, Dov's counsel sought the assistance of counsel for the BOP in ascertaining the proper administrative procedure.  (See ECF No. 22).  During the July 8, 2020 conference, Dov represented that he had recently submitted forms BP-8 and BP-9 to the BOP, but his requests for release were denied.  Those forms and details about the relief requested and the reasons for denial have not been provided to the Court and the BOP has represented that additional administrative review is available to Dov.

The parties and the Court are united in their desire for Dov to "receive proper medical treatment."  (ECF No. 19 at 5).  The proper avenue, however, to ensure that occurs is for Dov to follow the designated administrative procedure at the facility who is responsible for his care.  See United States v. Needham, No. 06 Crim. 911, 2020 WL 2512105, at *3 (S.D.N.Y. May 15, 2020) ("decisions regarding the adoption and execution of internal policies, including the discipline, care, and security of prisoners, ordinarily lie within the province and professional expertise of corrections officials") (internal citation omitted); United States v. Goldman, No. 97 Crim. 81, 1998 WL 906662, at *1 (S.D.N.Y. Dec. 29, 1998) ("The question of appropriate medical care for a prisoner is entrusted to the judgment of the [BOP].  This court does not have the jurisdiction to enter the type of order the defendant seeks."); see also Credidio, 2020 WL 1644010, at *2 (noting petitioner's failure to exhaust and absence of grounds to excuse for cause); Harrison v. Terrel, No. 11 Civ. 3974 (DLI), 2012 WL 3780328, at *2 (E.D.N.Y. Aug. 31, 2012) (dismissing section 2241 petition alleging deliberate indifference to medical needs for failure to exhaust).  Although Dov appears, since the June 29, 2020 conference, to have taken some steps to pursue his

administrative remedies, on the record before the Court, he does not appear to have exhausted the BOP's process, nor demonstrated cause and prejudice for not doing so.  Finally, Dov's medical records indicate that he has recovered from COVID-19 and is being monitored at least daily by the BOP's medical officers.  (ECF No. 20-1 at 1–9, 28).  Accordingly, at present, the Court finds "there is no justification for circumventing the BOP and its authority to determine the appropriate place for incarceration."  Lagan, 2020 WL 3403109, at *4; see Needham, 2020 WL 2512105, at *3 ("declin[ing] to disturb [the] BOP's decisions regarding [petitioner's] medical treatment").

Even if the Court were to waive the exhaustion requirement, however, the Petition fails on the merits.  To establish a claim that he has been subjected to cruel and unusual punishment in violation of the Eighth Amendment, Dov must prove that his deprivation is "sufficiently serious" and the BOP has demonstrated "deliberate indifference" to his medical needs.  Farmer v. Brennan, 511 U.S. 825, 834 (1994).  Deliberate indifference "follows from the principle that only the unnecessary and wanton infliction of pain implicates the Eighth Amendment."  Id. (internal citation omitted).  This inquiry assesses whether there is both "objective evidence that the petitioner is at serious risk of harm, and subjective evidence that prison officials demonstrated a 'conscious disregard' of the petitioner's medical needs."  Lagan, 2020 WL 3403109, at *3 (quoting Farmer, 511 U.S. at 834).  "Deliberate indifference is a mental state equivalent to subjective recklessness, as the term is used in criminal law."  See Salahuddin v. Goord, 467 F.3d 263, 280 (2d Cir. 2006).

The Court credits Dov's assertions about the advanced stage of his kidney, renal, and heart conditions as sufficient to satisfy the objective element of his claim.  See Candelaria v. St.

Agnes Hosp., No. 01 Civ. 8594 (LTS) (RLE), 2010 WL 1221874, at *5 (S.D.N.Y. Mar. 29, 2010) (finding loss of kidney function to be "sufficiently serious to satisfy the objective element of the deliberate indifference claim").  Nevertheless, he has not established that the BOP has been deliberately indifferent to his serious medical needs.  Although he cites numerous articles about the prevalence of COVID-19, he has already recovered from that condition, and none of those articles establish a willful or reckless disregard for the needs of inmates by the BOP's authorities or staff at Otisville.  (ECF No. 7 at 3–9).  Furthermore, neither party has cited, and the Court is not aware of, any court granting a sentenced prisoner's habeas petition after he contracted and recovered from COVID-19.  See Shelby, No. 20 Civ. 3233, at 13 (noting the absence of examples of such decisions).

In addition, the medical records demonstrate that, since his arrival at Otisville in October 2019, he has regularly visited the medical clinic for his pre-existing medical conditions, spoken and corresponded with medical officers about those conditions, and, particularly since April 2020, has been under close medical observation and treatment, including by two specialists.  (ECF No. 19 at 7–8).  With respect to the most recent pain Dov complained of on June 23, 2020, he was examined by medical staff the same morning and ordered to undergo diagnostic testing. (ECF Nos. 19 at 8; 20-1 at 1).  Two days later, on June 25, 2020, he was seen by Dr. Linley, who advised him about his hepatic condition and its potential to worsen, which indicates that medical professionals at Otisville are in fact monitoring his health closely.  (ECF No. 23 at 1).  Dov told the Court that he continues to receive his heart medication (albeit in a lower dosage), as of four weeks ago has been receiving insulin treatment, is on a fourteen-day regimen of Flomax for his kidney condition, and as of July 7, 2020, is on a five-day regimen of pain medication.

Dov has not identified any document in his medical records indicating that the BOP's officials "were aware of facts that made the potentially harmful nature of their treatment so obvious that they 'must have known' of the risk that such treatment presented." Candelaria, 2010 WL 122874, at *6.  The medical observation and treatment set forth in the medical records fail to show that the BOP has been deliberately indifferent to Dov's medical needs; to the contrary, those records demonstrate that the BOP medical officers are closely monitoring and treating his conditions, which is the opposite of the conscious disregard required for an Eighth Amendment claim.  See Jimenez v. United States, No. 11 Civ. 4593 (RJS), 2013 WL 1455267, at *7 (S.D.N.Y. Mar. 25, 2013) (finding that prisoner who received medical attention on four occasions, including two consultations with a physician and medications, failed to demonstrate deliberate indifference).  At most, Dov's arguments in the Petition and the Motion show a difference of opinion as to how to treat his medical conditions, which is insufficient to establish a violation of the Eighth Amendment.  See Roice v. Cty. of Fulton, 803 F. App'x 429, 432 (2d Cir. 2020) (finding that deliberate indifference claim based on differences of opinion over medical treatment failed to state claim); Ward v. Coley, No. 18 Civ. 2382 (KMK), 2019 WL 977887, at *6 (S.D.N.Y. Feb. 28, 2019) (finding that "mere disagreement over the proper treatment" failed to state deliberate indifference claim); Rivera v. Doe, No. 16 Civ. 8809 (PAE) (BCM), 2018 WL 1449538, at *11 (S.D.N.Y. Feb. 26, 2018) ("prisoner's belief that he should have received more or different treatment (including referral to a specialist) is not, without more, sufficient to state a constitutional claim"), adopted by, 2018 WL 1441386 (S.D.N.Y. Mar. 22, 2018); Jiminez, 2013 WL 1455267, at *7 (noting that "'mere disagreement over the proper treatment does not create a

constitutional claim'") (quoting <u>Chance v. Armstrong</u>, 143 F.3d 698, 703 (2d Cir. 1998)).

Accordingly, Dov's application for habeas corpus relief under Section 2241 is DENIED.

### III. <u>CONCLUSION</u>

For the reasons set forth above, the Petition and the Motion are DENIED.  The Court does, however, recommend that the BOP consider whether to grant Dov a temporary release either to a hospital or to home confinement to facilitate medical treatment pursuant to 18 U.S.C. § 3622(a).  To ensure that the BOP learns of this recommendation and treats this matter with the requisite urgency, the Court directs the BOP's counsel to promptly serve this Opinion and Order on the Warden and Chief Counsel of Otisville Federal Correctional Institution.

The Clerk of the Court is respectfully directed to close this case.


Dated:      New York, New York
            July 9, 2020

                                          SO ORDERED



                                          _____
                                          SARAH L. CAVE
                                          **United States Magistrate Judge**